**PHILLIPS PETROLEUM COMPANY, Union Oil Company of California, Gulf Oil Corporation, and Mobil Oil Corporation, Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent,**

Pacific Gas and Electric Company, Southern California Gas Company and Southern Counties Gas Company of California, San Diego Gas & Electric Company, the People of the State of California and the Public Utilities Commission of the State of California, and the State of Texas, Intervenors.

**Nos. 8723, 8778, 8808, 8829.**

United States Court of Appeals Tenth Circuit.

April 18, 1967.

John Rebman, Bartlesville, Okl., and John C. Snodgrass, Houston, Tex., for petitioners in Nos. 8723, 8778 and 8808; Wm. J. Zeman, Lloyd G. Minter, Kenneth Heady, Bartlesville, Okl. and Stanley L. Cunningham, Oklahoma City, Okl., on the brief, for Phillips Petroleum Co.

Warren M. Sparks and Donald R. Arnett, Tulsa, Okl., on the brief for Gulf Oil Corporation.

Carroll L. Gilliam, Washington, D. C., for Mobil Oil Corporation, petitioner in No. 8829; Tom P. Hamill, Robert D. Haworth, Houston, Tex., Donald G. Canuteson, Dallas, Tex., Philip R. Ehrenkranz, and Grove, Jaskiewicz, Gilliam & Putbrese, Washington, D. C., on the brief.

Joel Yohalem, Atty., Federal Power Commission, for respondent; Richard A. Solomon, Gen. Counsel, and Peter H. Schiff, Deputy Solicitor, Federal Power Commission, on the brief.

Frederick T. Searls, Malcolm H. Furbush and Stanley T. Skinner, San Francisco, Cal., on the brief for Pacific Gas & Electric Co.

Chickering & Gregory, Sherman Chickering, C. Hayden Ames, and Donald J. Richardson, Jr., San Francisco, Cal., on the brief for San Diego Gas & Electric Co.

Harvey L. Goth, Los Angeles, Cal., for Southern California Gas Co. and Southern Counties Gas Co. of California, inter-

venors; John Ormasa, Los Angeles, Cal., on the brief.

Lawrence Q. Garcia, San Francisco, Cal., for the People of State of California and Public Utilities Commission of State of California, intervenors; Mary Moran Pajalich, Chief Counsel, and J. Calvin Simpson, Principal Counsel, San Francisco Cal., on the brief.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst., J. Arthur Sandlin, C. Daniel Jones, Jr., and Linward Shivers, Asst. Attys. Gen., State of Texas, on the brief for State of Texas, intervenor.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

The petitions by independent producers of natural gas seek review of Federal Power Commission Opinion No. 484 and accompanying orders. These relate to § 7 applications for certificates of public convenience and necessity covering jurisdictional sales of natural gas produced from various fields located within the Permian Basin. By its Opinions Nos. 468 and 468–A the Commission fixed area rates for Permian Basin gas. In the instant proceedings, the Commission held that the area rates established by it in Permian were the in-line rates for certification under § 7. The petitioners offered evidence to show that the area rates were not properly applicable and the Commission rejected the offer. It also declined to receive evidence pertaining to the effective date of a contract between petitioner Mobil Oil Corporation and El Paso Natural Gas Company.[1]

In Skelly Oil Company et al. v. Federal Power Commission, 10 Cir., 375 F.2d 6, we granted all petitions for review which attacked the Commission's Permian decision and remanded all cases for further proceedings consistent with our opinion. The cases at bar were briefed before that opinion was rendered. Phillips says in its brief: "To the extent that *Permian* is altered upon judicial review, the instant decision must reflect the result of *Permian*." None of the other petitioners are so explicit. The Commission agrees with Phillips.[2] We declined to accept the Commission's Permian rates because they had not been measured against the end result test announced in Federal Power Commission v. Hope Natural Gas Co., 320 U.S. 591, 64 S.Ct. 281, 88 L.Ed. 333, and, on the record presented to us, could not be so measured.

In the circumstances, we see no good purpose that will be served by a discussion of, or decision on, any of the points raised herein by any party. At the moment they are hypothetical so far as we are concerned. The Commission's action now before us for review is based on its Permian rates. We have not accepted those rates. The elimination of the base eliminates all rates predicated thereon.

We are told that certiorari applications to review our Permian decision will be filed soon in the United States Supreme Court. When area rates for the Permian Basin receive final judicial approval, the issues presented here will be ripe for decision. If we were to decide them now, we would be rendering an advisory opinion. We now decide only that the rates fixed by Opinion No. 484 and accompanying orders are disapproved because they are based entirely on the Permian area rates which we have rejected.

The petitions for review are severally granted and the cases are all remanded to the Commission for further proceedings consistent with this opinion.

1. This is pertinent because of the Commission's January 1, 1961, date of division between new and old gas-well gas.

2. The statement in the Commission brief is: "We agree with petitioners (Phillips Br. pp. 5–6) that if this Court were to conclude in reviewing the area rate decision in *Skelly* that the prescription of producer rates on an area basis were unlawful or that either the rate or moratorium provisions there require a modification, a remand would be required here.".